THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Suzana Kostovski

---

| | |
|---|---|
| **SUZANA KOSTOVSKI** | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON |
| Plaintiff | |
| **vs.** | Civil Action No.:        (  -  ) |
| **BOROUGH OF SEASIDE HEIGHTS; ELIJAH BRYANT** and **JOHN DOES 1-5**  (fictitious individuals), members of the Seaside Heights Police Department; **THOMAS BOYD,** Chief of Police; **JOHN DOES 6-10** (fictitious individuals), Personnel of the Seaside Heights Police Department in supervisory capacities; | **COMPLAINT** |
| Defendants. | |

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

1

## PARTIES

2.  Plaintiff Suzana Kostovski, residing at 6 Sunset Terrace, Wayne, NJ, 07470, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3.  Defendants Elijah Bryant and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Seaside Heights Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Seaside Heights and were acting under the color of law.

4.  Defendants Chief of Police Thomas Boyd and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Seaside Heights and were acting under the color of law.

5.  Defendants Chief of Police Thomas Boyd and/or John Does 6-10 were acting in supervisory capacities over Defendants Bryant and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Bryant and/or John Does 1-5.

6.  Defendant Seaside Heights is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7.  At all times relevant hereto, Defendant Seaside Heights employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Thomas Boyd, Elijah Bryant and/or John Does 1-10.

8.  All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.  On March 7, 2020, Plaintiff was left Hemingway's Café and headed towards her friend's house when she was confronted by Defendants Elijah Bryant and/or John Does 1-5.Defendants Bryant and/or John Does 1-5 asked Plaintiff where she was going.   Plaintiff did not know the specific address, but told Defendants Bryant and/or John Does 1-5 where the house was near.

2.  Defendants Bryant and/or John Does 1-5 then used excessive and unreasonable force on her person.  Specifically, Defendants Bryant and/or John Does 1-5 grabbed Ms. Kostovski and threw her on the ground, injuring her.

3.  Defendants charged Plaintiff with Disorderly Conduct, Aggravated Assault, and Throwing Bodily Fluid at a Law Enforcement Officer.

4.  The charges against Plaintiff are pending.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Bryant and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.  As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries; medical expenses; lost wages;

emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

4.  By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Elijah Bryant and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

<u>**COUNT TWO**</u>
<u>**SECTION 1983 FAILURE TO INTERVENE**</u>

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Bryant and/or John Does 1-5 were Seaside Heights Police Officers and at all times mentioned herein were acting under color of state law.

3.  Defendants Bryant and/or  John Does 1-5 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Bryant and/or  John Does 1-5.

4.  The unjustified assault and arrest of Plaintiff  by Defendants Bryant and/or John Does 1-5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5.  Defendants Bryant and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Bryant and/or John Does 1-5 and failed to intervene.

6.  As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Elijah Bryant and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 FALSE ARREST / IMPRISONMENT

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Elijah Bryant and John Does 1- 5 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3.  The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, protected by 42 U.S.C. Section 1983.

4.  As a direct and proximate cause of Defendants' conduct set forth above, Plaintiff suffered bodily and emotional injuries; incurred expenses to defend the false criminal charges brought against her; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Elijah Bryant and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 MALICIOUS PROSECUTION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Elijah Bryant and John Does 1-5 initiated criminal process against Plaintiff with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiff to suffer.

3. The charges were not based upon probable cause, that is, Defendants Elijah Bryant and John Does 1-5 knew initiation of criminal proceedings against Plaintiff would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 3/7/20 in assaulting, battering, and falsely arresting Plaintiff.

4. As a direct and proximate cause of the actions initiated by Defendants Elijah Bryant and John Does 1-5, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

5. Plaintiff suffered physical injury; incurred expenses to defend the false criminal charges brought against her; medical expenses, and mental anguish in connection with the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Elijah Bryant and/or John Does 1-5 on this count together with compensatory and punitive

damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

<u>**COUNT FIVE**</u>
<u>**SECTION 1983 SUPERVISORY LIABILITY**</u>

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Boyd and/or John Does 6-10 were  supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3.  Defendants Boyd and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Bryant and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4.  Defendants Boyd and/or John Does 6-10  either directed Defendants Bryant  and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5.  Defendants Boyd and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Seaside Heights Police Department policies, practices,  customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6.  By reason of the above Plaintiff was deprived of her constitutional rights, sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special  damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Thomas Boyd and/or John Does 6-10 on this Count together with compensatory and punitive

damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT SIX**
**SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE**
**INADEQUATE TRAINING**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Seaside Heights, Seaside Heights Chief of Police Thomas Boyd and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Seaside Heights Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

3. Defendants Boyd and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Suzana Kostovski was assaulted and arrested.

4. At all times mentioned herein, Defendants Bryant and/or John Does 1- 5, as police officers, agents, servants and/or employees of Defendant Seaside Heights, were acting under the direction and control of Defendants Seaside Heights Police Department, Boyd and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Seaside Heights Police Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Seaside Heights, Boyd and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing

basis, Defendants Bryant and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

6.   Acting under color of law pursuant to official policy, practice, or custom, Defendants Seaside Heights, Boyd and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Seaside Heights, Boyd and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7.   Defendants Seaside Heights, Boyd and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Seaside Heights Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8.   Defendants Seaside Heights, Boyd and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Bryant John Does 1-10, and/or other Seaside Heights Police Officers whereby they customarily and frequently subjected citizens held in custody to physical

9

and mental abuse;  unlawfully and maliciously assaulted, arrested and harassed citizens;

intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-

citizen encounters; falsified police and/or other official records; made false arrests, mishandled

and/or withheld  evidence and/or used unreasonable and excessive force on citizens/arrestees.

9.   Despite their awareness, Defendants Seaside Heights, Boyd and/or John Does 6-10

failed to employ any type of corrective or disciplinary measures against Defendants Bryant,  John

Does 1-10, and/or other Seaside Heights Police Officers.

10.   Defendants Seaside Heights, Boyd and/or  John Does 6-10 had knowledge of, or, had

they diligently exercised their duties to instruct, train, supervise, control, and discipline

Defendants Boyd, Bryant and/or John Does 1-10 on a continuing basis, should have had

knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11.   Defendants Seaside Heights, Boyd and/or John Does 6-10 had  power to prevent or

aid in preventing the commission of said wrongs, could have done so by reasonable diligence,

and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12.  Defendants Seaside Heights, Boyd and/or John Does 6-10, directly or indirectly,

under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless,

and wanton conduct of Defendants Bryant and/or John Does 1-10 heretofore described.

13.  As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff

was  deprived of her constitutional rights; sustained  bodily injuries; medical expenses; lost

wages; emotional distress, and will suffer additional special damages in the future in an amount

which cannot yet be determined.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Seaside Heights, Thomas Boyd and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT SEVEN
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used; failure to intervene; false arrest, and malicious prosecution by Defendants Bryant and/or John Does 1-5, set forth at length above, deprived plaintiff of her substantive due process right to be free  from unlawful  seizure of her person and her fundamental right to liberty secured by the Constitution of the  United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et  seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff was  deprived of her constitutional rights; sustained  bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Elijah Bryant and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

### COUNT EIGHT
### ASSAULT AND BATTERY

1.      The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.      At all times relevant herein, Defendants Bryant and/or John Does 1-5 were acting within the scope of their employment as Seaside Heights police officers.

3.      Defendants Bryant and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring her without justification and/or by putting her in reasonable apprehension of serious and imminent bodily harm.

4.      The assault and battery committed by Defendants was contrary to the common law of  the State of New Jersey.

5.      As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

        **WHEREFORE**, Plaintiff Suzana Kostovski  demands judgment against Defendants Elijah Bryant, the Borough of Seaside Heights and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## COUNT NINE
## NEGLIGENCE

1.      The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.      At all times relevant herein, Defendants Bryant and/or John Does 1-5 were acting within the scope of their employment with Defendant Borough  of Seaside Heights as police officers.

3.      Defendants Bryant and/or John Does 1-5 had a duty to the Plaintiff to not expose her to an unreasonable risk of injury.

4.      Through the acts and omissions set forth at length above,  Defendants Bryant and/or John Does 1-5 breached that duty.

5.      The acts and omissions of the Defendants were in violation of the common law of the State of New Jersey.

6.      As a direct and proximate result of their breach of duty to plaintiff, she was caused to suffer significant and permanent physical and emotional injury; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

        **WHEREFORE**, Plaintiff Suzana Kostovski  demands judgment against Defendants Bryant; the Borough of Seaside Heights and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

<u>COUNT TEN</u>
<u>INFLICTION OF EMOTIONAL DISTRESS</u>

   1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

   2.  At all times relevant herein, Defendants Elijah Bryant and/or John Does 1-5  were acting within the scope of their employment with Defendant Borough of Seaside Heights as police officers.

   3.  Defendants' intentional, reckless and/or negligent actions caused Plaintiff severe emotional distress, resulting in medical expenses and special damages in the future which cannot yet be determined.

4.  The acts and omissions of Defendants were against the common law of the State of New  Jersey.

**WHEREFORE**, Plaintiff Suzana Kostovski demands judgment against Defendants Borough of Seaside Heights, Elijah Bryant and/or John Does 1-5 on  this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: January 31 , 2022                          */s/ Thomas J. Mallon, Esquire*_____
                                                          **THOMAS J. MALLON, ESQUIRE**